**FILED**

SEP 1 9 2007  N.F.

SEP. 19, 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JH

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | 07CV 5280 |
| Plaintiff, | ) ) | JUDGE MANNING |
| | ) | MAGISTRATE JUDGE DENLOW |
| v. | ) ) | |
| ATA Airlines, Inc., | ) ) | C O M P L A I N T |
| Defendant. | ) ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action against ATA Airlines, Inc. ("ATA") under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Ramiro Lozano ("Lozano"), an ATA Ground Support Equipment (GSE) supervisor who suffers from diabetes and kidney failure. Specifically, ATA discriminated against Lozano by refusing to return him to work, failing to provide him with a reasonable accommodation, and discharging him because of his disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e-5(f) (1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been and is now a corporation doing business in the State of Illinois and has continuously had and does now have at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty (30) days prior to the institution of this lawsuit, Lozano filed a charge with the Commission alleging violations of Title I of the ADA by Defendant.      All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      Beginning on or about June 2005, Defendant engaged in an unlawful employment practice at its facility in Chicago, Illinois, in violation of Title I of the ADA, 42 U.S.C. §12112(a) and   (b)(5)(A), by failing to return Lozano to work because of his disability and failing to accommodate his disability.

9.      On or about September 23, 2005, Defendant engaged in an unlawful employment practice at its facility in Chicago, Illinois, in violation of Title I of the ADA, 42 U.S.C. §12112(a),

2

by discharging Lozano because of his disability.

10.     The effect of the practices complained of in Paragraphs 8 and 9 above has been to deprive Lozano of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability in violation of Title I of the ADA, 42 U.S.C. §12112.

11.     The unlawful employment practices complained of above in Paragraphs 8 and 9 were intentional.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability;

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices;

C.     Order Defendant to make whole Lozano by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including front pay;

D.     Order Defendant to make whole Lozano by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 and 9 above, including but not limited to, job search expenses and medical expenses, in amounts to be determined at trial;

E.     Order Defendant to make whole Lozano by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 and 9 above, including but not limited to, emotional pain, suffering, loss of

3

enjoyment of life and humiliation, in an amount to be determined at trial;

F.      Order Defendant to pay to Lozano punitive damages for its malicious or reckless conduct, as described in Paragraphs 8 and 9 above, in an amount to be determined at trial;

G.      Order Defendant to amend its leave policy to provide reasonable accommodation for a qualified employee with a disability who needs leave beyond one year;

H.      Grant such further relief as the Court deems necessary and proper in the public interest; and

I.      Award the Commission its costs in this action.

4

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.


Respectfully submitted,

RONALD S. COOPER
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Diane I. Smason
Supervisory Trial Attorney

Jeanne B. Szromba
Senior Trial Attorney
Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, #2800
Chicago, Illinois 60661
(312) 353-7546